The Union Insurance Company of Philadelphia and Another, · Respondents, *v.* The Central Trust Company of New York and Another, Appellants, Impleaded with Another.

*Submission to arbitration — damages on its revocation — damages, how paid — Code of Civil Procedure, § 2384.*

Certain parties, having differences, entered into an arbitration agreement which, among other things, provided that the compensation and expenses of the arbitrators and the expenses of witnesses should be borne to the extent of one-quarter by each of the four parties to the arbitration, and that no part of the costs and expenses of the arbitration or of witnesses should be recovered by the prevailing party or parties, or be entered in the judgment upon the award.

Subsequently, the submission was revoked by one of the parties to it, and thereafter two of the parties to it brought an action to recover the general expenses of the arbitration from a fund of indemnity created by the articles of submission. Upon an appeal from a judgment in their favor,

*Held,* that the revocation of the submission destroyed the stipulation that each party should pay one-quarter of the expenses, and that, under section 2384 of the Code of Civil Procedure, the party revoking, and any sureties upon an undertaking collateral to the submission, became liable, by virtue of the statute, for all costs and other expenses, and for all damages incurred in preparing for the arbitration and in conducting the proceedings to the time of revocation;

That such expenses and damages should be paid from the fund.

Appeal by the defendants, The Central Trust Company of New York and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of February, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

The fund sought to be reached in this action was created by the following provisions in the submission :

" It is further agreed that at or before the execution and delivery of this agreement there shall be deposited with The Central Trust Company of the city of New York security satisfactory to the parties of the first and second part (the plaintiffs in this action), to the amount of fifty thousand ($50,000) dollars, to secure the payment, performance and satisfaction of any award in favor of said parties of the first and second parts, or either of them, that may be made against said Dimick in said arbitration by said arbitrators or a majority of them, payment and satisfaction of said award up to said amount of fifty thousand ($50,000) dollars to be paid upon demand by said Central Trust Company of New York in accordance with any judgment that may be entered upon said award."

Lorenzo Dimick, the person mentioned in this clause, effectually revoked the submission to which he was a party.

The clause above quoted was held by the General Term, upon a former appeal (36 N. Y. St. Repr. 435), to be an agreement of indemnity.

Five hundred shares of the capital stock of the New York and Harlem railroad were deposited with the Central Trust Company of New York as satisfactory security for the $50,000 provided by the above clause.

*William Allen Butler,* for the appellants.

*Treadwell Cleaveland,* for the respondents.

PER CURIAM:

Judgment affirmed, with costs, on the opinion of the Special Term, and on the opinions reported in 36 New York State Reporter, 435, and 13 New York Supplement, 17.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.

The opinion of the Special Term was as follows:
BEEKMAN, J.:

The complaint in this action was demurred to on the ground of insufficiency by the defendant corporations, and the demurrer was overruled at Special Term, where it was tried before Mr. Justice VAN BRUNT. On appeal to the General Term the judgment entered

upon the decision below was affirmed. (*Union Ins. Co.* v. *Central Trust Co.*, 36 N. Y. St. Repr. 435.) The demurrants, availing themselves of permission so to do, thereupon interposed answers to the complaint, and the issues thus joined have now been brought to trial. The evidence offered sustains all the allegations of the complaint, and the case, therefore, presents the same legal aspect it had when the demurrers were tried. In view of this no other course is open to me except to direct judgment for the plaintiffs upon the basis of a controlling decision which has declared the law of this case. It is contended, however, that there is one question which affects the extent of the plaintiffs' recovery that was not passed upon or involved in the decision at General Term. The point so raised may be stated as follows : By the terms of the arbitration agreement it was provided that the compensation of the arbitrators and their expenses and the expenses of witnesses, should be borne and paid by the parties thereto in the following proportion, to wit: One-fourth thereof by the Union Insurance Company ; one-fourth thereof by the Insurance Company of the State of Pennsylvania ; one-fourth thereof by the Continental Insurance Company, and one-fourth thereof by Lorenzo Dimick ; " the same to be advanced from time to time in the proportions above mentioned upon the certificate of the arbitrators, or a majority of them ; the expenses of witnesses to be adjusted and allowed by the arbitrators, or a majority of them." The agreement also contained a stipulation fixing the compensation of the arbitrators, and providing that no part of the costs and expenses of the arbitration or of witnesses should be recovered by the prevailing party or parties, or be entered in the judgment, and that any limitation by statute as to the rate of such compensation was waived. It is now contended that this portion of the agreement is still operative, so far, at least, as to limit the recovery of the plaintiffs, if they are entitled to recover anything, to one-fourth of the following items of expense, namely : Fees of arbitrators, counsel fees and witnesses' fees and expenses. I think, however, that the decision upon the demurrer necessarily involves the negative of this view. The stipulation relied upon forms a part of the submission which has been revoked, and, as its terms clearly show, was predicated upon a continuance and completed execution of the agreement. It was, in effect, inconsistent with revocation, and, therefore, destroyed

by revocation. The claim of the plaintiffs, as I understand it in the light of the decisions at Special and General Terms, is for the damages recoverable under section 2384 of the Code of Civil Procedure against the revoking party, and also against his sureties, if any, upon the submission or any instrument collateral thereto. These damages are specified in the section to be " all the costs and other expenses, and all the damages which he has incurred in preparing for the arbitration and in conducting the proceedings to the time of the revocation." The cause of action does not arise upon the agreement ; on the contrary, it is outside of it, and comes into existence as the consequence of the act of revocation, by virtue of a statute which, in creating it, also measures the extent of the recovery. The statute rests upon the principle that the revoking party, *ex debito justitiæ,* should make good to the other damages suffered through expenditures rendered fruitless by the act of revocation. This liability extends to the security given by the revoking party under a collateral agreement or otherwise to secure the performance of the award, and although such agreement may not in terms provide for the payment of the expenses of the award, or of the arbitration, " the law," to quote from the opinion at Special Term upon the demurrer, " has stated that, where any such obligation is entered into, the obligor, in case of a revocation of the submission, becomes liable to pay the expenses of the party who is not at fault, and the contract between the parties is to be construed in view of the provisions of the statutes governing such instruments." The plaintiffs, therefore, seem to be entitled to the full measure of recovery prescribed by the section of the Code above referred to. The items of damage proven on the trial come within the allowance, and amount in the aggregate to the sum of $49,178.45. It follows from what has been said that the plaintiffs are entitled to have judgment against the defendants that the 500 shares of the capital stock of the New York and Harlem Railroad Company held by the defendant, the Central Trust Company, as set forth in the agreement of submission, is subject to a charge in favor of the plaintiffs for the payment of the sum of $49,178.45, and interest within the limit of $50,000 ; and that the stock be sold, and the plaintiffs paid the amount of the claim, within the limit mentioned, out of the net proceeds of such sale. Costs of this action are awarded to the plaintiffs against the answering defendants.